OPINION
On June 9, 1993, Timothy D. Austin, defendant-appellant, pled guilty to rape and felonious assault and was found guilty and sentenced accordingly. Following the enactment of Ohio sexual predator laws and pursuant to R.C. 2950.09, the Department of Rehabilitation and Correction recommended to the trial court that defendant be adjudicated a sexual predator. After a hearing before the court, with the evidence consisting of stipulated exhibits, defendant was found to be a sexual predator by clear and convincing evidence based upon a review of the factors set forth in R.C. 2950.09(B)(2).
Defendant appeals, setting forth the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
In the post-sentence investigation, the details of the offenses of January 9, 1993, were outlined.
While the twenty-year old defendant was at the home of his forty-two-year-old aunt, he became involved in an argument and altercation. He forced his aunt onto a bed, disrobing her and forced vaginal intercourse upon her. After this initial attack he again attacked his aunt and sexually assaulted her. During this attack he again forced vaginal intercourse and inserted a candle into her vagina. He subsequently obtained a large butcher knife from the kitchen during another struggle with the victim, and attacked her using this knife. The victim sustained multiple stab wounds to her chest and abdomen along with lacerations to her head, face and chin. Defendant also used his knife to cut away the victim's clothing during the struggle.
The victim was transported to St. Anne's Hospital where she underwent several hours of surgery.
Defendant's version to the investigating parole officer was that he did rape and repeatedly stab his aunt on the evening of January 9, 1993.
The trial court reviewed the factors set forth in R.C. 2950.09(B)(2), and found by clear and convincing evidence that defendant is a sexual predator, and that defendant is likely to reoffend.
Defendant argues that the evidence was insufficient to establish by clear and convincing evidence that defendant was likely to reoffend.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence but not to the extent of such certainty as is required by beyond a reasonable doubt in criminal cases and which will produce in the mind of the trier of facts a firm belief of conviction as to the facts to be established.
 Cross v. Ledford (1954), 164 Ohio St. 469 (syllabus).
The appellate court separately reviews the sufficiency of the evidence to determine whether there is substantial evidence upon which the trier of fact could reasonably conclude that there are facts supporting the judgment which was rendered.
Defendant primarily argues that a single instance of sexual criminal activity some years in the past is insufficient to support a finding, by clear and convincing evidence, that defendant is presently a sexual predator who poses a high danger of engaging in future sexual offenses after being released from imprisonment. Defendant cites our holding inState v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, as support for this contention. However, in several cases since Baughman
we have limited the holding therein to the facts of the case and declared that "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts other than the facts of the crime itself." SeeState v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported.
Although the standard of R.C. 2950.01(E), in defining a sexual predator, looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well since past behavior is often an important indicator of future propensity. See Kansasv. Hendricks (1997), 521 U.S. 346, 358, quoting Heller v. Doe (1993),509 U.S. 312, 323. In determining whether an offender is a sexual predator, the trial court must consider all relevant factors including, but not limited to, the factors set forth in R.C. 2950.09(B)(2).
The factors set forth in R.C. 2950.02(B)(2) are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator. SeeState v. Chadmaser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported. The factors are not judged on a quantitative basis, but rather on a qualitative basis.
Looking at the factors, we find that multiple sex offenses occurred on one night, but constituted separate distinct instances of very violent sexual behavior. Defendant initially assaulted his aunt in an upstairs bedroom; later, he again assaulted her while downstairs. Finally, he assaulted her with a butcher knife cutting away her clothing and injuring her severely.
The family relationship between defendant and the victim further reveals an increased risk of reoffense. Defendant's repeated acts of sexual misconduct against his aunt showed his willingness to violate "deeply engrained and powerful social prohibitions against * * * incest." See State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97AP-858, unreported.
Defendant's display of cruelty is also an important factor to consider. See R.C. 2950.09(B)(2)(i). In addition to the forced vaginal intercourse, and the insertion of the candle into his aunt's vagina, defendant brutally attacked his aunt with a butcher knife during which he used the knife to cut off her clothing, inferentially indicating that this attack also had a sexual basis.
The family relationship and the immense cruelty and injury inflicted on his aunt in multiple instances is sufficient to support the judgment of the trial court, despite the absence of other factors indicating sexual propensity.
Defendant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________________ McCORMAC, J.
BRYANT and KENNEDY, JJ., concur.